UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TASHIMA M. TABORN,**

              **Plaintiff,**

           **v.**                                  **Case No. 19-CV-155**

**ANDREW M. SAUL,**
**Commissioner of the Social Security Administration,**

              **Defendant.**

---

## DECISION AND ORDER

---

**1. Introduction**

      Plaintiff Tashima Taborn alleges that she has been disabled since September 1, 2009 (Tr. 59) and therefore seeks supplemental security income. After her application was denied initially (Tr. 124-39) and upon reconsideration (Tr. 141-57), a hearing was held before an administrative law judge (ALJ) on August 22, 2017 (Tr. 115-122). Taborn was not represented by counsel at the hearing but decided that she wanted to seek counsel. (Tr. 121.) The ALJ continued her case (Tr. 122) and held another hearing on December 7, 2017 (Tr. 79-114). Taborn proceeded without counsel at this hearing. (Tr. 82.) On January 25, 2018, the ALJ issued a written decision concluding that she was not disabled. (Tr. 59-

72.) After the Appeals Council denied Taborn's request for review on December 17, 2018 (Tr. 1-4), she filed this action. All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 4, 7), and this matter is ready for resolution.

**2. ALJ's Decision**

In determining whether a person is disabled an ALJ applies a five-step sequential evaluation process. 20 C.F.R. § 416.920(a)(4). At step one, the ALJ determines whether the claimant has engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). The ALJ found that Taborn "has not engaged in substantial gainful activity since February 3, 2015, the application date[.]" (Tr. 61.)

The analysis then proceeds to the second step, which is a consideration of whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. §§ 416.920(a)(4)(ii), (c). An impairment is severe if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.922(a). The ALJ concluded that Taborn has the following severe impairments: "pseudo tumors (intercranial hypertension); anxiety; depression; fibromyalgia; obesity; arthritis; mood disorder[.]" (Tr. 61.)

At step three the ALJ is to determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (called "the listings"), 20 C.F.R. §§ 416.920(a)(4)(iii), 416.925. If the impairment or impairments meets or medically

equals the criteria of a listing and also meets the twelve-month durational requirement, 20 C.F.R. § 416.909, the claimant is disabled. 20 C.F.R. § 416.920(d). If the claimant's impairment or impairments is not of a severity to meet or medically equal the criteria set forth in a listing, the analysis proceeds to the next step. 20 C.F.R. § 416.920(e). The ALJ found that Taborn "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" (Tr. 62.)

In between steps three and four the ALJ must determine the claimant's residual functional capacity (RFC), which is the most the claimant can do despite her impairments. 20 C.F.R. § 416.945(a). In making the RFC finding, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. § 416.945(a)(2). In other words, "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. The ALJ concluded that Taborn has the RFC

> to perform a full range of sedentary work as defined in 20 CFR 416.967(a) such that she can lift up to 10 pounds occasionally, stand and walk with normal breaks for about 2 hours in an 8-hour work day, and sit with normal breaks for about 6 hours in an 8-hour work day.[] She can never climb ladders, ropes, or scaffolds, but she can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally reach overhead bilaterally. She can have no exposure to extreme cold, extreme heat, very loud noise, excessive vibration, unprotected heights, or hazardous machinery. She can have no concentrated exposure to irritants such as fumes, odors, dusts, gases, or poorly ventilated area. [Taborn] can perform simple, routine tasks in a low stress job, defined as having only occasional decision making and only

occasional changes in work setting, and such work can have no production quota (e.g., no strict production standard and no rigid production pace, such as an automated line that the worker cannot control). [Taborn] is further limited to occasional interaction with the public and co-workers, as well as occasional supervision.

(Tr. 63-64.)

After determining the claimant's RFC, the ALJ at step four must determine whether the claimant has the RFC to perform the requirements of her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.960. Taborn's past relevant work was as a home attendant. (Tr. 110.) The ALJ concluded that Taborn "is unable to perform any past relevant work." (Tr. 70.)

The last step of the sequential evaluation process requires the ALJ to determine whether the claimant is able to do any other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c). At this step the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that [Taborn] can perform[.]" (Tr. 71.) In reaching that conclusion, the ALJ relied on testimony from a vocational expert (VE), who testified that a hypothetical individual of Taborn's RFC, age, education, and work experience could perform the requirements of addresser; tube operator; and touch up screener, printed circuit board assembly. (*Id.*) After finding Taborn could perform work in the national economy, the ALJ concluded that she was not disabled. (Tr. 72.)

**3. Standard of Review**

The court's role in reviewing an ALJ's decision is limited. It must "uphold an ALJ's final decision if the correct legal standards were applied and supported with substantial evidence." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (citing 42 U.S.C. § 405(g)); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) (quoting *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010)). "The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). "Where substantial evidence supports the ALJ's disability determination, [the court] must affirm the [ALJ's] decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'" *L.D.R. by Wagner*, 920 F.3d at 1152 (quoting *Elder*, 529 F.3d at 413).

**4. Analysis**

Taborn attached to her brief 790 pages of medical records that were not part of the administrative record. (ECF Nos. 19-1, 19-2, 19-3, 19-4.) Asserting that the documents were omitted from the record at the hearing on December 7, 2017, she requests that they be admitted into evidence and that her case be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for two reasons: (1) her Aurora Health Care records were "incomplete at

the time of the hearing"; and (2) the ALJ did not fully and fairly develop the record. (ECF No. 19 at 10-16.) She additionally argues that the case should be remanded, presumably in the alternative and pursuant to sentence four of 42 U.S.C. § 405(g), because the ALJ erred by not adequately considering whether her inability to ambulate effectively equaled any listing (*id.* at 16-18), and by not including her need for a walker in the RFC assessment (*id.* at 18-20).

Sentence six of 42 U.S.C. § 405(g) states, in relevant part:

[The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g). When remanding a case pursuant to sentence six, "[t]he district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Therefore, the court cannot order remand pursuant to both sentence six and sentence four. *See Kabele v. Colvin*, No. 12 cv-776-wmc, 2015 WL 1430343, at *3 (W.D. Wis. Mar. 27, 2015) (quoting *Bryant v. Colvin*, No. 3:12-CV-0307-CAN, 2013 WL 6800127, at *6 (N.D. Ind. Dec. 20, 2013)).

"The prototype of a sentence six remand would be a case in which relevant new evidence had come to light since the agency's decision under appeal, and the parties asked the district court to remand the case to allow the agency to consider the case further in light of the new evidence …." *Richmond v. Chater*, 94 F.3d 263, 268 (7th Cir. 1996). "To

6
Case 2:19-cv-00155-WED    Filed 06/24/20    Page 6 of 10    Document 32

prevail on this issue, then, the plaintiff must meet the requirements of newness, materiality, and good cause." *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993). "'[M]ateriality' means that there is a 'reasonable probability' that the Commissioner would have reached a different conclusion had the evidence been considered, and 'new' means evidence 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). And to show "good cause," a claimant must be able to show "sufficient reason for failing to incorporate the evidence into the record during the administrative proceeding." *Sample*, 999 F.2d at 1144.

Taborn argues that, if the ALJ had the additional records attached to her brief, "they would have shed more light on [her] conditions, and bolstered [her] argument that she is disabled due to the inability to effectively ambulate and need for a walker." (ECF No. 19 at 11.)

The Commissioner argues that "[t]he records [Taborn] references are not 'new.'" (ECF No. 24 at 6.) The records are all dated *prior* to the December 2017 hearing and the ALJ's January 2018 decision. But evidence can also be "new" if it was unavailable when the administrative proceeding occurred or subsequently "c[a]me to light." *Perkins*, 107 F.3d at 1296; *Richmond*, 94 F.3d at 268. Taborn argues that the records were unavailable to her at the time of the hearing by fault of either Aurora Health Care, the SSA hearing office,

or a combination of both. (ECF No. 19. at 12.) The SSA office told her they would obtain the records for her, but the "records were jumbled, out of order, and incomplete ...." (*Id.*)

In response, the Commissioner argues that it was not the agency's burden to make sure that the records it received were complete. (ECF No. 24 at 6-7.) Instead, it was Taborn's burden, and the ALJ explained this to her at her August 2017 hearing. (*Id.*; *see* Tr. 121-22.) But when asked at her December 2017 hearing if she believed that her record was complete, Taborn responded, "Well I didn't really get to look at the CD, so I think that you guys have everything that's in my records." (Tr. 84.)

Taborn was pro se at both hearings before the ALJ, and not until she obtained an attorney was it noticed that the record before the ALJ did not include all of her medical records and that some records were incomplete. Included in the administrative record is an "Authorization to Disclose Information to the Social Security Administration (SSA)" form (Tr. 209) and a letter explaining that this form is necessary "[i]n order to obtain records to update [her] file" (Tr. 208). The court finds that Taborn has demonstrated that the records were likely "unavailable" to her at the time of her hearing because she had relied on the SSA to obtain them for her and had no reason to doubt that the agency would do so. Taborn's reliance on the SSA also establishes her good cause for failing to obtain the complete records earlier.

Taborn also argues that the new evidence is material. She argues that "after August 6, 2015, the Administrative Records is [sic] severely incomplete." (ECF No. 19 at 2.) For

example, pages 2, 4, 6, 8, 10, 11, and 12 are missing from the Vocation Evaluation Report. (*Id.;* Tr. 776-780.) Taborn argues that page 10 of this report contains a notation that "A job will have to be carved out to accommodate her restrictions." (ECF No. 19 at 3 (quoting ECF No. 19-4 at 10).) Several notes from her physical therapy sessions are missing, as are multiple notations that she was using a walker for ambulation. (*Id.* at 3-6.) And records from her primary care provider Dr. Shah in 2017 and other providers during this year were also missing. (*Id.* at 6.) Taborn argues,

> The missing records point to the need for the walker, from a broad range of medical providers, which may have resulted in a different decision from the ALJ. The ALJ should have found that the walker was medically ordered, and regularly used, which would justify a finding that Ms. Taborn equaled listing 1.04 based on the inability to effectively ambulate, pursuant to Listing 1.00B2b …. The ALJ should have also found that, given her need for a scooter and walker, she could not be expected to meet the abilities of sedentary work, which requires the ability to carry objects, which cannot be accomplished with the use of a walker ….

(*Id.* at 11-12.)

The record before the ALJ at Taborn's hearing was mixed on the issue of the walker – the notation "written prescription for wheeled walker" by Dr. Bake was included (Tr. 831), but state agency consultants Drs. Pat Chan and Ronald Shaw opined that "[e]vidence in file does not support [Taborn's] use of walker for ambulation." (Tr. 135, 152). There is a reasonable chance that the ALJ would have changed his mind regarding her need for a walker if there had been more evidence noting its use. Accordingly, the court finds that Taborn has demonstrated that the evidence is also material.

9
Case 2:19-cv-00155-WED   Filed 06/24/20   Page 9 of 10   Document 32

Because Taborn has shown "newness, materiality, and good cause," the court will remand this matter pursuant to sentence six. Therefore, the court need not address Taborn's other arguments.

**IT IS THEREFORE ORDERED** that this matter is **remanded** pursuant to sentence six of 42 U.S.C. § 405(g). The Clerk is ordered to administratively close this case but not to enter judgment for Taborn. If necessary, the case will be reopened after the ALJ has taken into consideration the new evidence admitted to the record.

Dated at Milwaukee, Wisconsin this 24th day of June, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge